UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ANGELA M. WHITSON | ) | |
| | ) | |
| v. | ) | No. 3:16-01477 |
| | ) | JUDGE CAMPBELL |
| UNITED STATES OF AMERICA | ) | |

MEMORANDUM

I. Introduction

Pending before the Court are Petitioner's *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence and Addendum/Supplemental Brief (Docket Nos. 1, 2, 6); a Supplemental Brief (Docket No. 5), filed by counsel for the Petitioner; and the Government's Response (Docket No. 11) in opposition.

For the reasons set forth herein, the Motion To Vacate (Docket No. 1) is DENIED, and this action is DISMISSED.

II. Procedural Background

In the underlying criminal case, the Petitioner was found guilty after a jury trial of aiding and abetting a conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 and 2. (Docket Nos. 78, 730, 734 in Case No. 3:12-00013). The parties subsequently entered into a Sentencing Agreement (Docket No. 980 in Case No. 3:12-00013), which was approved by the Court at the sentencing hearing. Through the Agreement, the parties acknowledged that the applicable sentencing guideline range was 168 to 210 months of imprisonment,[1] but agreed to

---

[1] By agreeing to the sentencing guideline range, the Petitioner abandoned her objections to the two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1, and the failure to include a four-level reduction in the offense level for a "minimal" role under U.S.S.G. § 3B1.2(a). (Docket Nos. 979, 980 in Case No. 3:12-00013).

recommend a sentence of 84 months of imprisonment, and the Petitioner agreed to waive her right to appeal. (Id.) At the subsequent sentencing hearing, on April 30, 2015, the Court accepted the parties' Sentencing Agreement, determined that the Petitioner's advisory sentencing guideline range was 168-210 months, and imposed the 84-month agreed sentence. (Docket Nos. 977, 978, 979 in Case No. 3:12-00013).

III. Analysis

A. The Section 2255 Remedy

Section 2255 provides federal prisoners with a statutory mechanism by which to seek to have their sentence vacated, set aside or corrected.[2] The statute does not provide a remedy, however, for every error that may have been made in the proceedings leading to conviction. "'To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005)(quoting Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003)).

An evidentiary hearing is not required if the record conclusively shows that the Petitioner is not entitled to relief. 28 U.S.C. § 2255(b); Ray v. United States, 721 F.3d 758, 761 (6th Cir.

---

[2] 28 U.S.C. § 2255 states, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

2

2013); Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999). No hearing is required "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Id. Where the same judge considering the Section 2255 motion also presided over the underlying criminal proceedings, the judge may rely on his own recollection of those proceedings. Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 1629 n.4, 52 L.Ed.2d 136 (1977); Ray, 721 F.3d at 761.

The Court has reviewed the pleadings, briefs, and records filed in Petitioner's underlying criminal case, as well as the pleadings and briefs filed by the parties in this case. The Court finds it unnecessary to hold an evidentiary hearing because these records conclusively establish that Petitioner is not entitled to relief on the issues raised.

B. Petitioner's Claims

The Petitioner contends that her conviction and sentence should be vacated based on the decision in Johnson v. United States, 135 S.Ct. 2551 (2015), and on Amendment 794 to the United States Sentencing Guidelines. The Government argues that neither the Johnson decision nor Amendment 794 apply to reduce the Petitioner's sentence.

In Johnson, the Supreme Court held that the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. The ACCA provides for a 15-year mandatory minimum sentence for defendants convicted of certain firearms offenses who have three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). The statute goes on to define "violent felony" as follows, with the residual clause set forth in italics:

   (2) As used in this subsection–

* * *

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that –
>
>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>>
>> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another...*

(Emphasis added). The Johnson Court's decision did not call into question the remainder of the Act's definition of "violent felony," nor did the Court address the Act's definition of "serious drug offense." 135 S. Ct. at 2563. The Supreme Court has subsequently held that the Johnson decision applies retroactively on collateral review. Welch v. United States, 136 S. Ct. 1257 (2016).

The Sixth Circuit has applied the Johnson decision to invalidate the identically-worded portion of the definition of "crime of violence" set forth in the Career Offender Sentencing Guideline, Section 4B1.2(a)(2).³ United States v. Pawlek, 822 F.3d 902 (6th Cir. 2016).

---

³ Section 4B1.2(a)(2) provides, in pertinent part, as follows, with the residual clause set forth in italics:

> (a) The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
>> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

None of this authority applies to reduce the Petitioner's sentence, however, because she was not sentenced as an Armed Career Criminal or a Career Offender, nor was her sentence based on any statute or guideline containing language similar to that invalidated in Johnson. Accordingly, the Petitioner's Johnson claim is without merit.

The Petitioner also argues that the Court should retroactively apply Amendment 794 to reduce her sentence. Amendment 794, which became effective on November 1, 2015, amended the commentary to Sentencing Guideline Section 3B1.2, which provides for a reduction in the offense level for defendants who play a mitigating role in the offense. See United States v. Quintero-Leyva, 823 F.3d 519 (9th Cir. 2016). The Amendment added a list of factors for the court to consider in determining whether to apply a mitigating role adjustment, and clarified that the defendant's role should be assessed compared with the other participants in the crime, not with a hypothetical average participant. Id., at 522-23.

To support her argument that the Amendment should apply retroactively, the Petitioner cites the Ninth Circuit's decision in Quintero-Leyva. In that case, the court determined that the

---

        (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

        (b) The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

(Emphasis added).

Amendment should apply retroactively to cases on direct appeal, however, *not* to those, like this case, brought on collateral review. Sentencing Guideline Section 1B1.10(d) lists the amendments that may be applied retroactively to cases that are no longer on direct appeal, and Amendment 794 does not appear in the list. See, e.g., Klosowski v. United States, 2016 WL 6696023 (6th Cir. Nov. 15, 2016)(Amendment 794 may not be retroactively applied to case brought under 28 U.S.C. § 2255). Consequently, even if the Petitioner had not waived her objection involving her role in the offense by entering into a Sentencing Agreement in which she agreed to a sentence substantially below the bottom of the applicable sentencing guideline range, her argument for application of Amendment 794 is without merit.

## IV. Conclusion

For the reasons set forth herein, the Court concludes that the Petitioner's request for Section 2255 relief should be denied. Accordingly, this action is dismissed.

Should the Petitioner give timely notice of an appeal from this Memorandum and Order, such notice shall be treated as a application for a certificate of appealability, 28 U.S.C. 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. Castro v. United States, 310 F.3d 900 (6th Cir. 2002).

It is so ORDERED.

                                                                              _____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE